UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>CLEMENTE LUNA,<br>　　　　Defendant. | Case No. 90-cr-00392-PJH-1<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br>Re: Dkt. No. 484 |

　　　　Before the court is the represented motion of defendant Clemente Luna for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  The matter is fully briefed and suitable for decision without oral argument.  Having considered the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, the court GRANTS the motion for reduction of sentence.

**I.　　BACKGROUND**

　　　　On January 10, 1991, after a jury trial, Luna was found guilty of one count of conspiracy to distribute of cocaine in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  As a result of the penalty enhancement filed by the government under 21 U.S.C. § 851 alleging two prior felony drug convictions, and the drug quantity involved in the conviction offense, the mandatory minimum at the time of sentencing was life imprisonment.  Mot., Ex. A (PSR, filed under seal) ¶ 59.  On March 16, 1992, the court sentenced Luna to life

without parole as to each count of conviction, to run concurrently.

Luna is presently incarcerated at the Federal Medical Center at Butner. He is 67 years old and has served 30 years of his life sentence. His prison medical records indicate that Luna has a history of chronic hepatitis C, deafness in one ear, and latent tuberculosis infection ("LTBI"); has been diagnosed with hypertension, bilateral osteoarthritis of the knees, gastro-esophageal reflux disease with esophagitis, and early cataract development; and has had multiple procedures for testicular hydrocele.

On April 13, 2020, Luna submitted a request to the Warden for home confinement which was denied on May 27, 2020. On June 2, 2020, Defendant submitted a request for compassionate release to the BOP which the government represents is currently pending. Opp. at 2.

## II.     DISCUSSION

### A.     Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request. *See United States v. Shields*, 2019 WL 2359231 at *1 (N.D. Cal. June 4, 2019) (citations omitted). Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section

3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B.     Requirements for Compassionate Release

As applicable to Luna's motion, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after considering the applicable § 3553(a) factors, and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).  The policy statement applicable to Luna's § 3582(c)(1)(A) motion, U.S.S.G. § 1B1.13, states the statutory requirements of extraordinary and compelling reasons, consideration of § 3553(a) factors, and reduction consistent with the policy statement, and further requires that the court determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).  U.S.S.G. § 1B1.13(2).

#### 1.     Extraordinary and Compelling Reasons

Application Note 1(A) to U.S.S.G. § 1B1.13 identifies physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n. 1(A).  Luna demonstrates that he is at a higher risk for severe illness or death from COVID-19 if he were infected due to his age, 67, and possibly due to his hypertension, as recognized by the Centers for Disease Control and Prevention.  Mot. at 20–21 and nn. 18–20 (citations omitted).  Luna further raises concerns that as an older adult with serious underlying medical conditions such as hepatitis C and LTBI, a respiratory disease, he might be at higher risk for serious illness from COVID-19, though he fails to show any such increased

3

1  risk caused by his other medical conditions such as deafness, osteoarthritis, gastro-
2  esophageal reflux disease, cataracts or testicular hydrocele.  Mot. at 21–22.  Luna has
3  also demonstrated that he is at an increased risk of contracting COVID-19 while in
4  custody, given that his prison facility currently has a number of active cases among
5  inmates and staff.  As of August 12, 2020, the Bureau of Prisons reports that 5 inmates
6  and 4 staff members at FMC Butner are currently positive for COVID-19, while 6 inmates
7  and 16 staff who previously tested positive have recovered.  *See*
8  https://www.bop.gov/coronavirus/.

9  The government does not contest that Luna's age and chronic medical conditions,
10  combined with the risk of contracting COVID-19 in a custodial setting, constitute
11  extraordinary and compelling reasons as defined in Application Note 1(A) to the § 1B1.13
12  policy statement.  Opp. at 5–6.  Having considered the relevant policy statement under
13  the Sentencing Guidelines, the court finds extraordinary and compelling reasons
14  warranting compassionate release due to Luna's age and underlying health conditions of
15  hypertension, hepatitis C and LTBI; these conditions put him at an increased risk of
16  COVID-19 complications which, combined with his heightened risk of contracting COVID-
17  19 at FMC Butner, would substantially diminish his ability to provide self-care within the
18  environment of a correctional facility, and from which he would not be expected to
19  recover in light of the elevated risk of severe illness or death from COVID-19 for someone
20  of his age and medical history.

21  With respect to Luna's alternative argument that the changes to the mandatory
22  minimum sentences under the First Step Act constitute extraordinary and compelling
23  reasons for release under the catchall provision in Application Note 1(D) to U.S.S.G.
24  § 1B1.13 for "Other Reasons" than those described in subdivisions (A)–(C), Luna agrees
25  with the government that if the court grants compassionate release based on his medical
26  conditions, the court need not, and should not, address his arguments that
27  compassionate release due to the changes in sentencing law is warranted and
28  authorized by the catchall provision under U.S.S.G. § 1B1.13 cmt. n.1(D).  Reply at 1.

4

Having found that Luna's medical conditions satisfy the requirement for extraordinary and compelling reasons for sentence reduction under Application Note 1(A) to § 1B1.13, the court declines to reach Luna's alternative argument for compassionate release under the catchall provision of Application Note 1(D).

### 2. Section 3553(a) Factors

As the government concedes, Luna has demonstrated that the applicable 18 U.S.C. § 3553(a) factors support compassionate release. In particular, Luna has already served 30 years in prison, which is longer than the mandatory minimum sentence of 25 years that a similarly-situated defendant would receive under current law, *see* 21 U.S.C. § 841(b)(1)(A), such that a reduction of his sentence to time served would avoid unwarranted sentencing disparities among defendants with similar criminal records who have been found guilty of similar conduct under § 3553(a)(6). Having considered the relevant § 3553(a) factors, the court finds that a reduction of a life sentence to 30 years of time served adequately serves the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Given Luna's older age and multiple health conditions that increase his risk of complications or death due to COVID-19, combined with his increased risk of contracting COVID-19 while incarcerated at FMC Butner, the court further finds that a reduction of sentence to time served would also meet "the need for the sentence imposed . . . to provide the defendant with . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Granting compassionate release under these circumstances is consistent with the applicable § 3553(a) factors.

### 3. No Danger to Community

With respect to the applicable policy statement set forth in U.S.S.G. § 1B1.13(2) that compassionate release requires a finding that the defendant is not a danger to the safety of another person or to the community, the court determines that under the

relevant factors of 18 U.S.C. § 3142(g), Luna has demonstrated that a reduction of sentence to time served would pose no danger to public safety where his conviction offense was non-violent and occurred over 30 years ago, his prior convictions involved immigration and non-violent drug offenses, he has maintained family ties, and his older age places him among offenders who are less likely to recidivate.  Mot. at 23 and Ex. A.

### C. Conditions of Release

The government asks that, if relief is granted, the court impose a ten-year term of supervised release and a condition of home confinement for the first year.  The court determines that a ten-year term of supervised release would be excessive, where Luna has no history of committing violent crimes, is in an age group with a low risk of recidivism, and has already served 30 years in prison.  The court adopts a five-year term of supervision as proposed by counsel for Luna.  The court further determines that a term of home confinement is neither required nor authorized for granting compassionate release under § 3582(c)(1)(A).  *See United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) ("'While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)).

The Probation Office has verified Luna's proposed release plan to reside with his wife in La Quinta, California.  The Central District of California's Probation Office has found his proposed release address to be suitable and recommends the following conditions in addition to the standard and mandatory conditions of supervision:

> 1) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment of probation and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

    2) The defendant shall comply with the immigration rules and regulations of the United States, and if deported or removed from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of supervision, the defendant shall report for instructions to the United States Probation Office, located at the United States District Court, 3470 Twelfth Street, Riverside, CA 92501;

    3) The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the offender's true legal name, nor shall the offender use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

The Probation Office concurs with the additional conditions requested by the Central District of California's Probation Office due to Luna's prior substance abuse history and previous deportations. For good cause shown, the court adopts the recommendations of the Probation Office for the special conditions listed above, in addition to the standard and mandatory conditions of supervision.

  Luna does not object to the government's request that if relief is granted, that a release date be set 14 days from the date of the order to accommodate BOP's ability to quarantine Luna to protect the community from potential transmission of COVID-19. Accordingly, the court will stay the order granting compassionate release for up to, but no longer than, 14 days to make appropriate travel arrangements and to ensure Luna's safe release.

### III. CONCLUSION

For the reasons set forth above, the motion of defendant Clemente Luna for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) is GRANTED.  Luna's previously imposed sentence of life imprisonment is reduced to time served as to both counts of conviction and a term of supervised release of five (5) years.  The term of supervised release is subject to the standard and mandatory conditions imposed by the supervising Probation Office and the following special conditions of supervision:

    1) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment of probation and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

    2) The defendant shall comply with the immigration rules and regulations of the United States, and if deported or removed from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of supervision, the defendant shall report for instructions to the United States Probation Office, located at the United States District Court, 3470 Twelfth Street, Riverside, CA 92501;

    3) The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the offender's true legal name, nor shall the offender use, any name other than the defendant's true legal name without the prior written approval of

the Probation Officer.

There being a verified residence and an appropriate release plan in place, this order is stayed for up to 14 days to make appropriate travel arrangements and to ensure Luna's safe release.  Luna shall be released as soon as appropriate travel arrangements are made and it is safe for Luna to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than 14 days are needed to make appropriate travel arrangements and ensure Luna's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

Dated: August 13, 2020

                                                              /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge